J-S23004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE G. TUTT | : | |
| | : | |
| Appellant | : | No. 2893 EDA 2016 |

Appeal from the Judgment of Sentence August 9, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005783-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 06, 2018**

Appellant, Andre G. Tutt, appeals from the judgment of sentence entered following his convictions of simple assault, theft, and defiant trespass.[1]   Appellate counsel has filed a petition to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the factual history of this case as follows:

On April 15th, 2016, around 8:35 am, the Appellant knocked on the door of Andrea Cook's ("Complainant") home on the 3900 block of North 96 Street.  Guilty Plea Volume 1, August 09, 2016, at 5.   When Complainant, who had ended a relationship with Appellant a week prior, opened the door, Appellant "pushed his

---

[1] 18 Pa.C.S. §§ 2701(a), 3921(a), and 3503(b)(1), respectively.

---

\*   Former Justice specially assigned to the Superior Court.

way" into her house, grabbed her cell phone, started strangling her and "knocked her to the ground." *Id*. at 5. Complainant subsequently lost consciousness. *Id*. at 5. She awoke to find Appellant searching for Complainant's rent money. *Id*. at 5. Appellant then fled the house with Complainant's car keys and paperwork, and proceeded to drive away with Complainant's car, which he did not have permission to use. *Id*. at 5, 6.

Trial Court Opinion, 7/7/17, at 2-3. The trial court set forth the procedural history of this matter as follows:

> Appellant … was initially charged with Aggravated Assault-per section 2702(a); Robbery-per section 3701(a)(1); Burglary-per section 3502(a)(1); Defiant Trespass-per section 3503(b)(1); Theft by Unlawful Taking-per section 3921(a); Receiving Stolen Property-per section 3925(a); Simple Assault-per section 2701(a); Recklessly Endangering Another Person-per section 2705; and Unauthorized Use of a Motor Vehicle-per section 3928(a).
>
> On August 9, 2016, Appellant entered a negotiated plea of guilty, to the charges of Simple Assault (M2)-per section 2701(a); Theft by Unlawful Taking (M1)-per section 3921(a) and Defiant Trespass (M3)-per section 3503(6)(1). At that time, Appellant was represented by Marni Jo Snyder, Esquire, and the Commonwealth was represented by Robert Daisey, Esquire. Appellant's guilty plea consisted of an oral inquiry and a written guilty plea colloquy, which he signed.
>
> This [c]ourt contemporaneously accepted the negotiated sentence of three (3) months fifteen (15) days to twelve (12) month's incarceration, to be followed by three (3) and two (2) years of probation, to be served concurrently, and supervised by the Domestic Violence Unit of the Probation Department. This [c]ourt additionally ordered credit for time served, immediate parole, the imposition of mandatory court costs, a Mutual Stay Away order, and a payment to the Crime Victim's Compensation Fund. This [c]ourt noted that this sentence was within the sentencing guidelines. Appellant did not file any post-sentence motions with this [c]ourt.
>
> On September 7, 2016, Appellant appealed the Judgment of Sentence entered on August 9, 2016. On October 26, 2016, this

[c]ourt filed an Order directing Counsel to file a Concise Statement of Errors Complained of on Appeal on or before November 25, 2016, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b).  On November 23, 2016, Appellant's court-appointed counsel, Marni Jo Snyder, filed a Statement of Intent to File an Anders/McClendon Brief pursuant to PA.R.A.P. 1925(c)(4), stating that Appellant's counsel could not "discern any issues of arguable merit to pursue in a direct appeal."

*Id*. at 1-2.

As noted, counsel has filed a petition to withdraw from representation. Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw.  **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).  There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal.  The procedural mandates are that counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, those directives have been satisfied.  Within the petition to withdraw, counsel averred that she conducted a conscientious review of the record and pertinent legal research.  Following that review, counsel concluded that the present appeal is frivolous.  Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw.  In the letter, counsel advised Appellant

that he could represent himself or that he could retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel for Appellant has indicated that, after a thorough and careful review of the certified record, there are no issues to be raised in this appeal. *Ander's* Brief at 7. However, counsel does address the propriety of Appellant's guilty plea. *Id*. at 7-8. Specifically, counsel considers whether Appellant knowingly, intelligently, and voluntarily entered his plea. *Id*.

With respect to challenges to the validity of a guilty plea on direct appeal, this Court has stated the following:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct

appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.

> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein.

A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. ***Commonwealth v. Roberts***, 237 Pa. Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

> Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal

theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

Further, a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) (some citations and quotation marks omitted).

Our review of the certified record reflects that Appellant did not preserve his challenge to the voluntariness of his plea by either objecting during the plea colloquy or filing a timely post-sentence motion to withdraw the plea. Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, Appellant waived any challenge to his guilty plea on direct appeal. *Lincoln*, 72 A.3d at 609-610.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/6/2018*